So our first case today is the United States versus Rodney Ashe 24 dash one zero two seven council Morning good morning, Your Honor Good morning, and may it please the court. My name is Rahul Sharma. I'm an assistant federal public defender, and I'm here on behalf of mr Ashe I'd like to reserve three minutes of my time for rebuttal, please Your honors to ensure the integrity of the sentencing process Sentencing enhancements must be found by a preponderance of the evidence Time and again this court has said that the preponderance standard is not toothless and that it may only be satisfied with reliable specific evidence were you involved in the sentencing hearing itself No, your honor. I was not I mean obviously something went awry because Prosecutors and the Defense had agreed that this did not apply and yet you can see Why somebody you know sitting? So you know what the first impression would be That are you kidding me? It has to apply here this that he had this gun in in the trunk. There's nobody else Supposedly that could got into the trunk until many months later What was the response at the sentencing well your honor the response of the Government was well. It's his car, but we don't know who else had access to the trunk and the judge rejected that possibility and Said okay. Well Does the defense want to say anything I've already you know rejected what the government said So we think that that was clear error here We think that the you know we the district court did make several factual findings Which we don't dispute what we dispute is that those findings were sufficient to conclude that mr.  knew about the duffel bag and Containing the gun found in the trunk of his car seven months evidence of record that he knew the gun was in the car No, your honor. There was no incriminating statement There was no incriminating Observation by police such as that he had sole access to the car or that he had ever possessed a similar duffel bag or gun before Frequently police are able to find you know social media in showing similar guns or or whatever And there though is a tough standard right for us to you know to say that a court committed clear and make a factual Determinations help help me understand how we get get there Your honor. I think that I think that this court's precedent and US v. Chicharello from 2002 is very instructive here the court in that case found that the evidence was at least in equipoise and Therefore that the preponderance standard hadn't been met The clear error standard is a tough standard your honor But I think that here the preponderance standard plainly wasn't met as the government I think recognized below There was no incriminating statement showing that he had knowledge of the gun. There was no incriminating observation There was no incriminating physical evidence such as ID cards in the bag or DNA on the gun or Fingerprints on the gun nothing of the sort and so given the lack of chain of custody then issue and What are the things that would have to be proven as elements of showing that there was a chain of custody from him to the gun right your honor, so I think for the Possibility that a tow yard employee or someone had You know tampered with the car there would have to be evidence stronger than a representative of the tow yard What would the elements be isn't one of them that you have to he had to know of the guns existence? Yes, and then intend secondly intend to exercise dominion and control. Yes, your honor So and what evidence was there of those items? We don't believe that there was evidence of those items your honor I mean the the district court essentially made four factual findings one that he that mr. Ash owned and Was driving the car To that you agree with that. Yes, your honor. Yes with four factual findings, which we don't dispute One that he owned and was driving the car to that He had a handgun on his person a 9-millimeter handgun on his person three that he had prior convictions for possessing handguns and for that a tow yard employee seven months after the arrest found a Vastly different gun and a case style rifle in a duffel bag in The trunk of the car in the tow yard the district court leaned on the fact that he had these priors for firearms In reaching his conclusion, how much? Should he Think it is appropriate in doing so So I don't think that I'm not going to say that in no case Should prior convictions for having firearms. It's I'm not going to say that it's not the least bit probative I think that it can be probative of whether someone possessed other firearms as in US v Irvin What which the government cites as a as a case, I mean I think in Irvin It's just one of about five factors in determining that the defendant in that case possessed other firearms But I do think that what's important here is that? There was no You know the government very helpfully in its brief at pages 34 and 35 shows the gun that was possessed Here on on mr Ash and that he the style of gun that he had previously been convicted of Possessing and the gun that was found in the trunk and the gun that was found in the trunk as this court can see is Vastly different than any gun that mr. Ash had previously been convicted of possessing I think that the problem here is we don't know who else had access to the car Before I don't think that there's just a chain of custody problem here I think as the government recognized. I'm sorry. That's okay, so you are taking me to somewhere where I will be honest I have questions, which is What do we know anything about? What happens when the gun is found is there an investigation? Who is the employee? What what do we know about? What happened the circumstances surrounding the finding of the gun all the way to I guess the gun getting to the police station? What do we know about that? Very little your honor I mean I think that all we know is that a tow yard employee says that they found the gun in The trunk and we don't know how many tow yard employees there were we don't know what sort of security background checks There are for tow yard employees we don't know if one of the tow yard employees if there are several tow yard employees says I Don't like storing illegal guns at my home. I store them elsewhere I have access to these cars. I can store my illegal guns in the cars I don't think that I think that that is just one of many issues Here and I think that your honor is correct to have questions I mean I think that I think that the district court had a lot of questions and the district court was like Why didn't why wasn't this tested? Why don't I have an it why don't I have any questioning of him as in lieu of all these Hypotheticals and what-ifs would it make sense to remand this for a more robust evidentiary hearing? Well, your honor. I don't believe that would make sense. I I believe that what makes most sense is to Why doesn't that make sense? Okay well, this court has held, you know as As far back as US v. Dickler 64 F 3rd 818 3rd Circuit 1995 that where the government has the burden of production and persuasion as it does on it on issues like Enhancement of the offense level its case should ordinarily have to stand or fall on the record It makes the first time around it should normally be if it should not normally be afforded a second bite at the apple To overcome that ordinary rule on remand the government must tender a persuasive reason why fairness requires Providing the government with an additional opportunity to present evidence on remand here There's no possibility of the government tendering such a reason because the party's plea agreement stipulates that the offense level should be 14 not 20 and so I just I Think that this case is a really I think this case is simultaneously a very unusual case Where the district court not only, you know Rejected the party's agreement, but I think had lots of questions as you know It it expressed to the parties as it expressed to the government and I think you know Took those questions and assumed that one of those questions would be answered in the affirmative It asked why there wasn't DNA or fingerprint evidence Collected and it I think assumed that if it had been collected. Mr. Ashwood have would have It would have found. Mr. Ashes on it. I think it had questions about why he wasn't questioned about it and And it assumed the court assumed that there would have been an incriminating statement and based on these Assumptions and I think pretty speculative assumptions It doubled. Mr. Ash's guidelines range. It effectively doubled it from 15 to 21 to 30 to 37. I Think that this is an unusual case. And so You know, I don't think there's a floodgates problem I do think at the same time that this is a very Good opportunity for this court to reaffirm As it did in Chicharello that you know over 20 years ago As it did in Chicharello that the preponderance standard isn't toothless and that it does require reliable specific evidence of wrongdoing in order to In order to potentially double or with other enhancements even triple or multiply by an order of magnitude other people's other defendants sentencing enhancements, how is this case different from our Kennedy case about 10 years ago now, I realize it's an NPO but it was Our court finding that this enhancement does apply with respect to a gun that was found later in a secret compartment So, how is this really any different? Other than it was in a trunk And not necessarily a secret compartment. Well as I understand it your honor in Kennedy there was I apologize, I'm not I'm I'm not able to talk about the specifics of Kennedy except for the fact that I Except for the fact that there was a similar finding But I don't know whether there was other evidence. Well, there was I mean there there was a Stamp that tied the gun to the defendant. Okay I believe the call was in the marshal's custody the entire time. Well, there you have it. I Apologize that I'm not prepared to talk about that case, but given those Pieces of corroborating evidence. I do think that case is readily distinguishable Thank you Morning, mr. Grace. Good morning I Please the court Norman gross assistant United States attorney on behalf of the United States in this case I ask this court to affirm the judgment of the district court. I agree with mr. Sharma that the clear air standard is not toothless those teeth are not very long and they're not very sharp and This court Recently judge Montgomery Reeves opinion and Caraballo Recited yet again what that standard is if the district courts finding is plausible in light of the evidence Even if there are other plausible Results that the district court could have come to and even if the judges on this court Sitting as finder of sliders effect would have reached a different result This court must affirm if I remember that case correctly Also talks about inferences and the fact that inferences have to be based on some specific evidence I'm struggling to see the specific evidence here. Can you help me? Figure out why this is not inferences on top of inferences on top of inferences Certainly and and your honor. I think inferences on top of inferences are not prohibited as long as each inference is Reasonable in light of the evidence here doesn't have to be tied to some evidence at the bottom of all those So that's what I'm trying to understand. Yeah. Well, there there is there is very strong evidence. In fact Uncontradicted evidence here that supports the district courts finding the district court had to find by a preponderance Can I stop you there just just on that and then we'll come back to Judge Montgomery's question at the hearing the the person who appeared on behalf of the government said that there is no Evidence that can support that. Mr. Ash had knowledge or control of the ak-47 in the trunk of the car Now I realize there's a plea agreement that says, you know, you're not going to put forward that the enhancements Necessarily should apply but to go further and say there is no evidence That seems to be contradictory to the point. You're now making well a couple of responses to that judge Ambrose first The plea agreement as you point out specifically allows us to oppose the defense appeal and support the district courts findings and But this is a bad context. I want to get back to her questions, but it's your point You said that there was plenty of evidence That's contradicts what the person who appeared on behalf of the government said it does it does and I realized that That that could be troubling but I have to say Candidly, I'm afraid my colleague in the district court was incorrect and judge Qureshi pressed her very hard on that point Very hard and and said here's the evidence and she said and this goes to judge Montgomery Reese's point there are As I counted I believe seven pieces of evidence that support a finding that ash at some point Constructively possessed that gun I could number one He was the sole owner of the car. There's no dispute about that He was driving the car immediately before it was impounded The gun the help up was found in the trunk of the car an area in which the owner and operator would have access and The police had not searched the trunk before the car was towed to the impoundment lot And as stated in the PSR and at no point Contradicted or objected to by the defense before the gun was discovered in the trunk six and a half months later it had been stored in a locked impound lot and Put people the employees of the lot Were forbidden to access the car unless they did so to move it or to surrender it to someone who had title Six ash possessed another gun inside the car and He had two prior convictions for unlawful possession of a gun all of those facts. I submit Point towards and support the district courts finding that ash constructively possessed this gun He may not have been the only person who constructively possessed it, but by puts constructively possessing it That triggered the enhancement Now there were facts that undermine or go against the judge's finding but the judge had to make a call here the judge had to find a fact and Reams of case law say that the district courts judges is pre is has the primary responsibility and oftentimes the experience to find facts and here he found a fact that was plausible and And those seven facts I submit support it now the judge could also draw on his Common sense and his experience and there are some things in this case that support that as well The car was found in the trunk trunks are normally locked people don't go around Driving cars that don't have locked trunks. Think of your own experience. How often is the trunk of your car not been locked? impound lots As a matter of common sense are going to secure the cars, so Mr. Sharma said well, it's possible that someone else got in the trunk. It's certainly Very unlikely that anybody who was not working at the impound lot got in the trunk because that lot is secured I had the unfortunate experience of having a car towed to an impound lot in the last year I can assure you that lot was completely locked and I had to get access from someone at the lot to let me in To get my effects out of the car So the judge just like a jury as fact finder could draw on his common sense and experience To make those findings that it was quite likely that this gun was in the locked trunk and that the owner of that gun The owner of that car put it there possible someone else did but he decided by a bare preponderance as he was entitled to That it was more likely than not Ash was the one who put it there, but the the standard of review here, I think is dispositive The judge has very very substantial this court owes the district court judge substantial deference in its factual Findings and that's what I'm asking the court to apply here as it get there. Don't you have burden? on whom On whom does the burden rest? Because a lot of the times in the briefing here its Statements in effect that mr. Ash failed to present evidence of another individual who might have had access to the trunk of the car But the burdens on the government, right? Absolutely judge, but only by a preponderance the government and and and this is an unusual case As mr. Sharma said because we didn't seek this enhancement. We didn't try to prove that Mr. Ash had the gun in that he was the person who put the gun in the trunk The plea agreement forbade us from doing so and well, let me take a step back There as I pointed out in our brief There is a provision in the plea agreement that says that if the government received new information after the signing of the plea agreement That contradicted the stipulations in the plea agreement. The government was not bound by the stipulations And so the government here would not have violated the plea agreement had it gone into court at the sentencing there and said Judge there's new information here. This gun was found in the trunk. We didn't know about that when the plea agreement was signed and We're now asking the court to apply this enhancement. We could have done that under the plea agreement. We chose not to But in any event the bottom line is we didn't it wasn't a question of whether we met the burden judge Qureshi understood where the burden was And even though we weren't advocating for the enhancement. He found that it applied under the preponderance dam I'm sorry fingerprints taken. No, and and of course there there's there's evidence that points to the fact that This wasn't a slam-dunk case, you know where their fingerprints were their DNA and I have to take issue with mr Sharma when he said, you know, I think he may have said DNA is often found on recovered guns. That's not my experience Almost in every one of these 924 C cases. We have to put on an expert who testifies I wasn't able to lift any fingerprints from these guns, but that's a very it's very rare I've seen experts who've been in the business for a long time who said I've never been able to lift a fingerprint from a gun So the fact there were no fingerprints, I don't think Really points one way or the other Would it make sense to remand this for a more robust evidentiary hearing? I just don't think that's necessary judge Restrepo, but I would say that it certainly would make more sense than Then simply vacating the judgment and saying that this case has to go back without the enhancement I think that if you apply the proper standard of review here This really isn't a very close case and there's no need for an evidentiary hearing judge Montgomery Reeves asked a lot of questions about you know What were the circumstances under which the gun was found in the trunk? And those are all you know, if this were a contested hearing and we were seeking the enhancement We would have called someone from the tow lot to testify about Those circumstances they might have you know They might have nailed down the fact that the trunk was locked and they had to get the gun out of the trunk with the Key, they might have also been able to testify. I have no idea whether this is the case or not There is security cameras in the lot and they looked at the security camera video, but we're not it's just Not necessary and frankly, I think a failure to apply this standard That's come to us for many years from the Supreme Court Anderson versus City of Bessemer is Case where the Supreme Court Reiterated how tough the standard is and I think if you apply the standard Here based on the facts you will conclude that this is enough. This is an affirmance. Mr. Rose. Let me ask you a question Are you aware of setting aside for a moment the Kennedy case? Are you aware of any cases that? Have these types of timing and chain of chain of custody issues I Have not seen a case in my research where there was a six-month delay between the seizure of the car and the discovery of the contraband and then am I right when I look at Kennedy and I will Admit I had to look back at the at the briefs in that case to try to piece this together and figure it out But seems to me that the car in that context was in the marshals custody for the entire time We didn't have the facts that we have here where you have a car that's in police custody It goes to a third-party lot. Am I correct about that? You are correct, Your Honor But the fact that it's in a third-party lot, I would suggest is not that different from the marshals custody Just as an aside I was involved in a case in front of this court a couple of years ago where we seized a boat and the marshals had custody of it and it's Securing it I'm sorry who was driving it the boat was was in the marshals actually had Had turned the the boat over to some private marina And it sank and it was a total loss I'm not casting aspersions on the marshals office they do a great job, but But a private tow lot an impound lot is not going to stay in business very long I mean, there's lots of lots out there. This is something where there's I think there's some competition And if they don't secure those cars and people get into the cars You know that that's gonna hurt business. They have a very strong incentive to secure the cars Two years later same facts two years later same argument if if the car has been secured In a lot and and all the facts are the same. I would argue although it's not Strong a case that yes, we could still That the district court would not have clearly aired by finding you assumed a fact you said if the car was secure Do you mean just in a lot like it was here, or do you mean something else? No, I meant in a private impound lot with behind a locked gate and presumably a secure fence I think that that the judge Koreshi would not have been speculating But would have been applying his common sense and experience by concluding that this car You could not get to this car unless you worked at that impound lot and just one other point on the possibility that An employee of the lot might have put the car put it might have put the help up in the trunk Consider this I mean that person Puts the gun in the trunk. He has no control over at that point at any point the car may be released to the person who has An interest in the car who owns the car and And then the gun is gone And this is a valuable gun as we pointed out in our brief these things cost about 700 bucks and it's hard to get a hold of them in New Jersey, which is very strict gun law So if you were someone who illegally possessed one of these guns you worked at the impound lot I dare say Sticking the gun in the trunk of a car Stored in there in law in that impound lot is not a very good idea And that's just aside from the fact that there's lots of cars in that lot to choose from how did it happen to just end? Up in this car belonging to this defendant just caress. He found that was unlikely when the car was first impounded Why was there not an inspection done of what were their cars contents? that there was there is no evidence about why The law enforcement officials didn't search the entire car and so I can't answer that question It was you know in retrospect that had happened. We might not be here today exactly But isn't it nice that we are? Too shy unless the court has any other questions, I'd ask the court to affirm I Think it's very telling that the government says the preponderance standard is not toothless, but those teeth aren't sharp I think that if this court affirms here it is in my view Sub Cilentio overruling Chicharro Chicharro said that where the evidence was in equipoise that that the preponderance standard had been violated and it was clear error in that case and here I just want to say about the plausibility The plausibility standard put forth by the government. I think that plausibility standard has to be read in context I don't think it's an you know, Iqbal Twombly Style plausibility standard obviously if something is found in the trunk of my car. Is it plausible that? That it's mine. Of course it is The issue here is that there was no corroborating evidence and the clear error standard as the government recognizes in its brief is that even where there is some evidence supporting a supporting a finding the entire body of evidence leaves the court with the firm conviction that an error has been made and here This court should have the firm conviction that the preponderance standard was violated in our view and I you know, I Do want to say that if this court sub silencio overrules Chitarello I do think it will insulate district courts from a review I think they will absolutely adopt the view that the preponderance standard might not be toothless, but those teeth aren't very sharp As for the argument that Toeyards must be secure. Otherwise, they wouldn't stay in business. I don't really know how to answer that I don't think that's Necessarily correct Once again, we don't know what sort of security procedures the this place had how many employees that had etc As for remand for an evidentiary hearing the government suggests that that might be a great idea here Or you know if this court doesn't affirm Once again, the government had the burden of production and persuasion under Dickler There should not be a remand for an evidentiary hearing You're opening and now that if we were to affirm the enhancement here, it would be overruling Chitarello Aren't the facts there what are the facts there that are on point and isn't that case distinguishable? Well, your honor. Okay. So in Chitarello, may I continue? Okay So in Chitarello, the defendant was convicted of disposing of 22 firearms, okay, and three of those firearms were later found to have been used in felonies and The district court said well, you know where there's smoke there's fire three of these were found later in committing felonies he must have sold them with the with the reason to believe that they would be used in felonies and This court said well, we don't have information about how he sold them for all we know he could have sold them to a pawn shop or to a gun or to A certified gun dealer and they sold it to these people with felonies and so or who went on to commit felonies And so yes And so the court said the evidence is at least in aqua poise We are left with the firm conviction that the preponderance standard has been violated Is that case distinguishable I think every case that's fact-specific is somehow distinguishable I think Irvin is very distinguishable, which the government cites as its best case for for affirming here I do believe that here the evidence is at least in aqua poise that we don't know as the government recognized below We don't know who had access to the car both ex-ante and ex-post We don't know that mr. We don't know that mr. Ash Possessed we know that he possessed the car at the time of arrest We don't know who which whether he had any associates whether they borrowed the car. Yes It was solely registered to him, but people borrow cars and and frankly, let's be honest sometimes people engaged in criminal activity have friends who are engaged in criminal activity and So for all we know one of his friends could have put it in there does that excuse the behavior? No, but does it go to whether he's punishable for this enhancement? Yes We believe that the evidence is at least in aqua poise that he had knowledge of this gun ex-ante and we believe that Ex-post given the lack of evidence Reliable specific evidence that the tow yard was secure that That there's serious problems here on all fronts, I believe that this case you know this unusual case is a great opportunity for this court to reaffirm the lack of toothlessness of the stand of the preponderance standard and to Ensure the integrity of the sentencing process just because mr. Ash may have committed one crime that doesn't mean that he should just get this enhancement Because of a bunch of assumptions that the district court made. Thank you Thank counsel for their arguments in